SPRUKS et al. v. LACKAWANNA DAIRY CO.

(District Court, M. D. Pennsylvania.   July 19, 1911.)

No. 90.

BANKRUPTCY (§§ 348, 349, 350*)—CLAIMS—PREFERENCE.

Where petitioner was employed by the bankrupt to deliver milk at the bankrupt's premises with his team, and there was no evidence to individuate petitioner's services and those of the team, he was not entitled to priority either under Bankr. Law July 1, 1898, c. 541, § 64b (4), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), allowing preference for wages due workmen, or under section 64b (5), giving a preference to debts owing to any person who by the laws of the state or United States is entitled to priority.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. §§ 348, 349, 350.*]

In Bankruptcy.   Petition by David Spruks and others for an order directing the receiver of the Lackawanna Dairy Company, a bankrupt, to pay petitioner a claim as preferred.   Denied.

A. A. Vosburg, for petitioner.
George D. Taylor, for demurrer.

WITMER, District Judge.   The petitioner was employed by the bankrupt to deliver milk at the bankrupt's premises with his team at a fixed price of $120 per month.   He asks that the balance due him on account of this contract should be awarded to him out of the bankrupt's estate as a preferred claim.

Section 64b of the bankruptcy law (clause 4) gives the following preferences:

"Wages due to workmen, clerks or servants which have been earned within three months, before the date of the commencement of proceedings, not to exceed $300.00 to each claimant."

And clause 5:

"Debts owing to any person who by the laws of the states or the United States is entitled to priority."

It is evident that the petitioner's claim cannot be allowed under clause 4 of the above section because he is neither a workman, clerk, or servant within the meaning of the act.

Neither can his claim be allowed as preferred under clause 5, because the work has been performed in the state of Pennsylvania, petitioner having not been able to point to any act of assembly that makes his claim a preference.   The earnings of horses and teams are not preferred under the state laws, except possibly when engaged in connection with certain business made the subject of special legislation.   There is nothing in the petitioner's contract to individuate his services and the services of his team.   So far as the facts appear before us, the earnings of each cannot be separated, and therefore no portion of the claim can be allowed.

The prayer of the petition is refused.